Callahan, J.
This is an appeal from an order sustaining a writ of habeas corpus and directing the release of the relator, who had been sentenced to imprisonment by a City Magistrate for violation of the Multiple Dwelling Law. The writ was sustained upon the ground that at the time when he acted the sentencing magistrate was without jurisdiction to revoke prior suspensions of execution of three judgments and impose sentences thereunder.
The longest fixed period of imprisonment which might be imposed for violation of the Multiple Dwelling Law is six months. Section 470-a of the Code of Criminal Procedure deals with the imposition of sentences after revocation of a suspension of sentence or suspension of execution of judgment. It provides that the court may impose sentence under such circumstances at any time within the longest period for which the defendant may have been sentenced or during the period which a defendant remains on probation. The statute then adds << * * * but not after the expiration of such period or periods, unless the defendant shall have been convicted of another crime committed during such period.”
We think it is clear that the quoted clause affords jurisdiction to impose sentence at a date beyond the longest period for *23 which sentence might originally have been imposed or the longest period of probation, provided there has been a conviction for another crime committed during either of these periods of limitation.
There were three original convictions in the present instance. Two were had on May 28, 1948, and the third on June 2, 1948. Fines and thirty-day imprisonments were imposed in each case, but execution of the prison sentences was suspended. The period of six months from the dates of the convictions ended November 28, 1948 and December 2, 1948, respectively. The suspension of execution of sentence was revoked on December 20, 1948, but commencement of the period of imprisonment was ’postponed until January 17, 1949.
On December 20,1948, the attention of the sentencing Magistrate was called to two additional convictions of the relator. One was in the Court of Special Sessions, and the other before a second City Magistrate. While no formal proof of these convictions was presented, at least with respect to the conviction in the Magistrate’s Court, reference was made to the docket number of the new case and the sentencing court could take judicial notice of its own proceedings. A copy of the docket is the subject of a companion appeal from an order denying its inclusion in the present record. We deem that it should have been included. It was constructively before the Magistrate, even if not produced before the Special Term on the hearing of the writ. It shows conviction on December 13, 1948, for another offense committed by the relator on November 5, 1948.
On January 17, 1949, immediately before the imposition of sentence on the three convictions of May 28 and June 2, 1948, a third City Magistrate in the same court room, and apparently in the presence of the first Magistrate, sentenced the relator on her plea of guilty to two new and additional offenses. The informations in these two cases are in the record and show the commission of other crimes or offenses on November 18 and 24, 1948.
Therefore, whether the proof of the commission of another crime was required by section 470-a of the Code of Criminal Procedure to be established before revocation of the suspension of sentence on December 20, 1948, or before the execution of sentence began on January 17, 1949, the requirements of the statute were met. Under the circumstances we find that sentence was properly imposed, and that it was error to sustain the writ.
*24 In fairness to the Special Term, however, we may add that the existence of these other convictions, while mentioned and sufficiently disclosed in the record, were not urged upon the court below as the main ground for dismissing the writ, but other untenable grounds instead.
The orders appealed from should be reversed, the writ of habeas corpus dismissed, and the relator remanded to custody.
Peck, P. J., Dore, Van Voorhis and Shientag, JJ., concur.
Orders unanimously reversed, the writ of habeas corpus dismissed and the relator remanded to custody. Settle order on notice.